UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WESTRICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV787 CAS |
| ) | (TIA) |
| FEDERAL BUREAU OF PRISONS and ) | |
| JIM MOORE, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner James Westrich's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2255 and 2241 (filed May 16, 2005/Docket No. 2). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On February 24, 1989, the Honorable Edward Filippine, United States District for the Eastern District of Missouri, sentenced Petitioner to an aggregate term of ten years for possession of a firearm. (Gov.'s Exh. 6 at ¶ 4). After being tried and convicted of murder in the second degree and assault in the first degree in the Circuit Court of the City of St. Louis, the Circuit Court sentenced Petitioner to a term of twenty-seven years on December 15, 1989. (Gov.'s Exh. 1). The United States Court of Appeals for the Eighth Circuit affirmed Petitioner's sentence and judgment. United States v. Westrich, 894 F.2d 1340 (table) (8th Cir. 1989).

On February 12, 1990, Petitioner filed a Motion for Modification of Sentence requesting the district court to reconsider the sentencing in the matter and "order the sentence previously imposed

by this court to run concurrent with the sentence imposed in the Circuit Court of the City of St. Louis on December 15, 1989." (Gov.'s Exh. 1). Judge Filippine denied Petitioner's motion on May 29, 1990. (Gov.'s Exh. 2).

On September 13, 1999, Petitioner filed a request for concurrent designation, nunc pro tunc, with the North Central Regional Office ("NCRO"). (Gov.'s Exh. 6 at ¶ 7). After contacting the sentencing court, the NCRO denied Petitioner's request on October 8, 1999. (Gov.'s Exh. 6 at ¶ 7). In a letter dated October 8, 1999, G.L. Hershberger, the Regional Director for the North Central Regional Office of the Federal Bureau of Prisons ("BOP") explained to Petitioner how his requested clarification of his federal sentence in relation to his state sentence had been addressed by the district court in the May 29, 1990 Order entered by Judge Filippine wherein Judge Filippine denied Petitioner's request to modify his federal sentence to run concurrently with his state sentence. (Gov.'s Exh. 3). Mr. Hershberger further opined as follows:

> It appears that the state and federal offenses for which you were convicted were sufficiently different to have resulted in separate prosecutions. I believe neither the interests of justice nor any public policy would be better served by commencement of your federal sentence. This review of commencement of your federal sentence is in accordance with Barden . Keohane, 921 F.2d 476.

(Gov.'s Exh. 3).

On April 10, 2000, Petitioner filed a Motion for nunc pro tunc designation for concurrent sentencing in the underlying federal criminal case. Due to Judge Filippine's retirement, the instant action was reassigned to the Honorable Stephen Limbaugh, United States District Judge for the Eastern District of Missouri. After reviewing the file, and consulting with the Probation Office, Judge Limbaugh found no reason to change the Order of Judge Filippine denying his request for the sentences to run concurrent. United States v. Westrich, Cause No. 4:88CR20SNL, Docket No. 20.

Accordingly in the Order of November 2, 2000, Judge Limbaugh denied Petitioner's request for his federal sentence and his state sentence to run concurrent. United States v. Westrich, Cause No. 4:88CR20SNL, Docket No. 20.

In a letter dated May 3, 2004, the NCRO explained to Petitioner why his request for concurrent service of his state and federal sentences, pursuant to Barden v. Koehane, 921 F.2d 476 (3rd Cir. 1990), to exercise its authority under 18 U.S.C. § 3621(b) to designate the Missouri Department of Corrections as the facility for service of his federal sentence, had been denied. (Gov.'s Exh. 6 at ¶ 9). The NCRO determined that is would not be in the best interest of justice to negate the sentencing court's intent for consecutive service of the state and federal sentences, and Petitioner did not provide any mitigating circumstances. (Gov.'s Exh. 6 at ¶ 9). The NCRO apprised Petitioner that pursuant to 18 U.S.C. § 3568(a), his federal sentence will "commence to run from the date on which such person is received at the penitentiary ... for service of such sentence...." (Gov.'s Exh. 6 at ¶ 9).

In a letter dated April 25, 2005, Jon D. Loftness, a regional inmate systems administrator for the BOP, explained to Petitioner that his request to designate the Missouri Department of Corrections as the facility for service of his federal sentence has been reviewed and previously denied. (Gov.'s' Exh. 5). Mr. Loftness apprised Petitioner that "[a]s previously stated the Bureau of Prisons will not negate the Court's intent for consecutive service of the federal sentence. Your federal sentence is and will remain consecutive to your state sentence." (Gov.'s Exh. 5).

In the instant petition, Petitioner challenges the BOP's denial of his request for a nunc pro tunc designation that the state prison where he is serving his state sentence be the place where he will serve his federal court sentence. When a federal court imposes a prison sentence, Congress has

authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). This statute "provides the BOP with broad discretion to choose the location of an inmate's imprisonment," so long as the factors delineated in the statute are considered. Fults v. Sanders, 442 F.3d 1088, 1090-91 (8th Cir. 2006). Because a federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP, the BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence" when a federal defendant is already serving a state sentence, such as the case of the instant Petitioner. Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000).

When deciding whether to grant nunc pro tunc designation, it is appropriate for the BOP to consider, along with other factors, the sentencing court's intent. See 18 U.S.C. § 3621(b) (listing factors the BOP should consider in determining the place of imprisonment): BOP Program Statement 516.05 (in exercising discretion to make concurrent designation, the BOP is to consider inmate's disciplinary history, his institutional adjustment, any recommendations of United States Attorney or wardens at state and federal institutions, intent of federal sentencing court if available, and any other pertinent information).

Upon review of the Court record, the undersigned finds the BOP in fact fulfilled its obligations under both 18 U.S.C. § 3621(b) and Barden v. Koehane, in consideration and denial of Petitioner's request. This Court's review is limited to whether the BOP's decision amounted to an abuse of discretion. See Grove v. Federal Bureau of Prisons, 245 F.3d 743, 746-47 (8th Cir. 2001). Applying the foregoing to the instant facts, the undersigned finds that the BOP decision did not amount to an

abuse of discretion. In denying Petitioner's Motion for Modification of Sentence wherein Petitioner requested Judge Filippine, the sentencing judge, to reconsider his sentence and "order the sentence previously imposed by this court to run concurrent with the sentence imposed in the Circuit Court of the City of St. Louis on December 15, 1989," the undersigned finds the intent of the sentencing court clearly delineated - Judge Filippine intended the federal sentence to run consecutively to the recently-imposed state sentence. See Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the petition of James Westrich for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Dated this  10th  day of January, 2008.

                                            /s/ Terry I. Adelman
                                            UNITED STATES MAGISTRATE JUDGE